167 So.2d 690

**C. H. COLLINS, d/b/a Collins Funeral Home, Inc.**

v.

**Mrs. Roy WINDHAM.**

**6 Div. 770.**

Supreme Court of Alabama.

Sept. 24, 1964.

Tweedy & Beech, Jasper, and Rushton, Stakely & Johnston, Montgomery, for appellant.

Wilson & Wilson, Jasper, and Fite & Fite, Hamilton, for appellee.

GOODWYN, Justice.

This is a suit brought by appellee, Mrs. Roy Windham, against C. H. Collins to recover damages allegedly resulting to plaintiff from defendant's negligent injury of the corpse of plaintiff's husband.

The jury returned a verdict in favor of plaintiff for $15,000. There was a $3,000 remittitur on defendant's motion for a new trial. This appeal is from the judgment for $12,000.

The complaint consists of two counts. The gravamen of count 1 is that plaintiff entered into a contract with defendant whereby defendant agreed to transport the body of plaintiff's deceased husband from Winfield, Alabama, to Jasper, Alabama, and to prepare the body for burial; that defendant so negligently transported the body as to cause it to be thrown out of defendant's ambulance or hearse and to be injured; that, as a direct and proximate consequence of defendant's negligence, plaintiff was made sick and was caused to suffer embarrassment, humiliation and mental suffering; that her mental condition and nervous system were impaired and injured; that she was mortified and overcome with grief due to the manner and method in which defendant treated the body; and that she was permanently injured, physically and mentally, and that her nervous system has been permanently injured.

Count 2, in substance, alleges that defendant, his servants, agents or employees, so negligently conducted themselves in and about the transporting of the body as to negligently cause it to be thrown against the concrete or paved portion of the road; that said body was mutilated and exposed to the public; that it was broken, bruised and distorted, lacerated and cut; and that as a proximate result and consequence the plaintiff was caused to suffer deep shock; she was made sick; she was caused to suffer embarrassment, humiliation and intense anguish and suffering; her mental condition and nervous system were greatly impaired and injured; she was mortified and overcome with grief from the manner and method in which the defendant treated the body; that she has been permanently injured physically, mentally and emotionally; and that her injuries and damages were the proximate result of the negligence of defendant, his servants, agents or employees.

Defendant's demurrer to the complaint being overruled, he entered a plea of the general issue in short by consent.

The defendant assigns as errors the introduction in evidence, over his timely objection, of a mortality table (see: Act No. 457, appvd. Aug. 31, 1953, Acts 1953, Vol. I, p. 562; Acts 1959, p. 1628) showing plaintiff's life expectancy, and the overruling of his objections to the following argument of plaintiff's counsel, viz:

"Under the mortality table I am speaking about, Table of Mortality, on Page 1628 of Volume 2, '59 Acts of Alabama, the law says she has a life's expectancy of 21 years. That is what she would be expected to live from on out. Let's cut that in round numbers to twenty years to live and I ask you merely for 50¢ an hour, that is all I am asking you to pay her."

"Fifty cents per hour. That is what we are asking. Multiply that by 24 and what do we get? Here again we get back to these tables. We know that she has got 20 years life expectancy, that is 240 months, twelve months in a year. Twelve months times 20 will be 240 months."

Our conclusion is that the overruling of these objections requires a reversal of the judgment.

The only testimony tending to show the plaintiff's injuries is that of the plaintiff herself and her sister, Mrs. Bobbie Nell Alexander. Mrs. Alexander testified that she was closely associated with plaintiff both before and after the incident complained of; that since the incident plaintiff has lost her appetite and does not sleep very well; that she breaks down and cries; that she cannot be satisfied and is nervous. The plaintiff testified that her health was good before the incident, but since then her nerves have been bad; that she does good if she gets two or three hours of sleep a night; that she does not recall going to the funeral; and that she has been going to see a doctor once every week since this happened. The trial was held about 16½ months after the incident. There was no expert medical testimony.

■ This court has held that where there is evidence from which there is a reasonable inference that a plaintiff's injuries are permanent, the mortality tables are admissible. See: Louisville & N. R. Co. v. Steel, 257 Ala. 474, 59 So.2d 664; Southern R. Co. v. Cunningham, 152 Ala. 147, 44 So. 658.

The specific question before us is whether there was sufficient evidence from which the jury could draw a reasonable inference that the plaintiff's injuries were permanent, since the alleged injury was subjective and there was no expert medical testimony showing the injuries to be permanent. This question does not appear to have been dealt with in this jurisdiction. However, it has been before other courts, most of which hold that mortality tables are not admissible in the absence of medical testimony, when the claimed injury is subjective. See: 115 A.L.R. 1149; 50 A.L.R.2d 419; 20 Am.Jur., Evidence, § 778, p. 649.

The question was dealt with in Pine v. Rogers, 182 Okl. 276, 77 P.2d 542, 543, 115 A.L.R. 1146, as follows:

"* * * 'There are two rules by which the question of future pain and suffering may be submitted to the jury: If the injury is objective, and it is plainly apparent, from the very nature of the injury, that the injured person must of necessity undergo pain and suffering in the future, then most certainly the plaintiff would not be required to prove a fact so plainly evident, and upon making proof of such an objective injury the jury may infer pain and suffering in the future. * * * Where the injury is subjective, and of such a nature that laymen cannot, with reasonable certainty, know whether or not there will be future pain and suffering, then, in order to warrant an instruction on that point, and to authorize a jury to return a verdict for future pain and suffering, there must be offered evidence by expert witnesses, learned in human anatomy, who can testify, either from a personal examination or knowledge of the history of the case, or from a hypothetical question based on the facts, that the plaintiff, with reasonable certainty, may be expected to experience future pain and suffering, as a result of the injury proven.'

"In Hines v. Dean, 96 Okl. 107, 220 P. 860, 862, this court, in the body of the opinion, said: 'While the testimony shows that at the time of the trial the plaintiff still suffered some pain at times, there is no testimony from which it can be determined whether the pain and suffering would continue, and, if so, for how long; neither does it appear from the nature of the injury that the jury could determine that fact from the nature and character of the injury. This testimony is too indefinite and uncertain upon which to base a substantial recovery for future pain and suffering.' Yellow Taxicab & Baggage Co. v. Alsup, 175 Okl. 332, 52 P.2d 724; City of Pawhuska v. Crutchfield, 155 Okl. 222, 8 P.2d 685."

From Diemel v. Weirich, 264 Wis. 265, 58 N.W.2d 651, 652, is the following:

"The general rule followed in other jurisdictions as well as Wisconsin, is

well stated in 20 Am.Jur., Evidence, p. 649, sec. 778, as follows:

" '* * * where the injury is subjective in character and of such nature that a layman cannot with reasonable certainty know whether or not there will be future pain and suffering, the courts generally require the introduction of competent expert opinion testimony bearing upon the permanency of such injury or the likelihood that the injured person will endure future pain and suffering before allowing recovery therefor.'

"We believe that sound public policy requires adherence to such rule. It is a rare personal injury case indeed in which the injured party at time of trial does not claim to have some residual pain from the accident. Not being a medical expert, such witness is incompetent to express an opinion as to how long such pain is going to continue in the future. The members of juries also being laymen should not be permitted to speculate how long, in their opinion, they think such pain will continue in the future, and fix damages therefor accordingly. Only a medical expert is qualified to express an opinion to a medical certainty, or based on medical probabilities (not mere possibilities), as to whether the pain will continue in the future, and, if so, for how long a period it will so continue. In the absence of such expert testimony (which was the situation in the instant case) the jury should be instructed that no damages may be allowed for future pain and suffering."

From Sierra Pacific Power Co. v. Anderson, 77 Nev. 68, 74, 358 P.2d 892, 895, is the following:

"For their authority they rely mainly upon Curti v. Franceschi, 60 Nev. 422, 111 P.2d 53, 112 P.2d 819, wherein this court stated that an award for future pain and suffering, which is subjective (i. e., cannot be observed by the court

and jury themselves), must be substantially supported by expert testimony to be probable, as contrasted with possible. Whereas, on the other hand, if evidence of future pain and suffering is objective and can be observed by the court and jury, an award for such items of damage need not necessarily be supported by expert testimony, so long as the jury otherwise finds from substantial evidence that it is probable."

In Leavitt v. St. Louis Public Service Co. (1960 Mo.App.), 340 S.W.2d 131, it was said:

"Evidence of long persistency of an injury may be proof of future trouble, but such evidence is not necessarily proof of a permanent injury. Weiner v. St. Louis Public Service Co., Mo., 87 S.W.2d 191. To entitle a plaintiff to recover damages for permanent injuries, the permanency of the injury must be shown with reasonable certainty, and while absolute certainty is not required, mere conjecture or likelihood, or even a probability, of such injury will not sustain the allowance of damages therefor. Kiger v. Terminal Railroad Ass'n of St. Louis, Mo., 311 S.W.2d 5; Weiner v. St. Louis Public Service Co., supra; Plank v. R. J. Brown Petroleum Co., 332 Mo. 1150, 61 S.W.2d 328. And, in the absence of evidence that an injury is permanent, it is reversible error to submit to the jury an instruction authorizing a recovery for a permanent injury."

For similar cases in other jurisdictions, see: Kaltenheuser v. Sesker, (Iowa, 1963) 121 N.W.2d 672; Messer v. Beighley, 409 Pa. 551, 187 A.2d 168; 115 A.L.R. 1149, supra; 50 A.L.R.2d 419, supra. For cases holding contra, see: Hirsh v. Manley, 81 Ariz. 94, 300 P.2d 588; Moffett v. McCurry, 84 Ga.App. 853, 67 S.E.2d 807.

■ In view of the authorities cited above, we are of the opinion that, where the injury complained of is purely subjective, as in the present case, and where there

is no expert medical testimony tending to show the permanency of the alleged injury, mortality tables are not admissible in evidence. To hold otherwise would permit the jury to award damages based on speculation and guesswork. We cannot say, in the present case, that the admission in evidence of the mortality table did not affect the jury in arriving at the verdict, especially in view of the argument made to the jury and the amount of the verdict.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.