231 So.2d 164

**O. B. INGRAM, Jr., et al.,**

v.

**Thomas H. BROOKBANK.**

**5 Div. 7.**

Court of Civil Appeals of Alabama.

Jan. 28, 1970.

James Noel Baker, Opelika, for appellants.

Walker, Hill & Gullage and Phillip E. Adams, Jr., Opelika, for appellee.

THAGARD, Presiding Judge.

The appellants were defendants in the court below in a suit brought by appellee on two promissory notes. The case was tried without a jury and almost all of the

testimony was taken orally before the trial judge, who rendered judgment for appellee in the amount of Seven Thousand Five Hundred Twenty Dollars and 21 cents ($7,520.21). Defendant's defense was based on pleas of no consideration, failure of consideration, and recoupment.

The trial court denied defendant's motion for a new trial, whereupon this appeal was taken.

■ When the transcript was filed in the Supreme Court of Alabama it did not contain a copy of the *Citation of Appeal and its service*. Appellants filed with the Supreme Court a motion to have the clerk correct the error of omission, which motion was granted and the clerk was ordered to file the citation within 15 days. The clerk complied with the order within the 15 day period. The cause was transferred to this court by the Supreme Court after this court came into existence on October 1, 1969. On October 30, 1969, appellee filed in this court a motion to dismiss the appeal and assigned as grounds that the record fails to show service of the Citation of Appeal on appellee or his attorneys and that there has been no service of the Citation of Appeal upon the appellee or his attorneys, and attorneys for appellee say categorically in their brief that no service was had. However, the record is against them in that the copy of the Citation on Appeal filed in this court on December 4, 1969, contains a certificate by the sheriff acting through his deputy that "I have executed the within writ by leaving copy of same with Jacob A. Walker. This the 20 day of March, 1969." True, the certificate of service failed to identify Jacob A. Walker as one of appellant's attorneys, but we observe that the firm of Walker, Hill & Gullage represent the appellee on this appeal. On the assumption that Jacob A. Walker is a member of Walker, Hill & Gullage, we deny the motion to dismiss the appeal.

■ Next, appellee insists upon his motion to strike appellant's brief on the ground of its failure to conform to Rule 9, and, among others, cites Shelby County v. O. A. Hatfield et al., 264 Ala. 488, 88 So.2d 842. In that case we note that Justice Merrill wrote, "Although Appellant's brief does not conform with Rule 9, we can, in our discretion, consider some of the assignments of error insisted on in brief; Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579, * * *."

We have decided to exercise our discretion and dispose of this appeal on its merits.

In Ladner & Company Real Estate Sales, Inc. v. Smith, 277 Ala. 185, 168 So.2d 217, it was held that "a note sued on is prima facie evidence of sufficient consideration for the execution thereof, and the burden of proof is on the defendant to show there was no consideration."

In Moore v. Barber Asphalt Paving Co., 118 Ala. 563, 23 So. 798, it was said, on page 572, 23 So. on page 801, "A plea of recoupment is in the nature of a new suit begun by the defendant against the plaintiff, and a joinder in issue on such a plea, like the general issue to a complaint, places on the defendant the burden of proving all the material allegations of the plea."

The trial court saw and heard the testimony of all of the witnesses save one whose deposition was twice taken. We should not disturb his findings unless they are clearly wrong. Skipper v. Wright & Colquett, 30 Ala.App. 409, 6 So.2d 896.

■ The evidence was conflicting. Evidently the trial court was not convinced that appellants had met the burden of proof that was upon them. We are not convinced that the trial judge was clearly and manifestly wrong. The judgment from which the appeal was taken is

Affirmed.