235 So.2d 672

**Haskel Ray WARD**

v.

**Sandra Faye Narrell WARD.**

**8 Div. 14.**

Court of Civil Appeals of Alabama.

May 13, 1970.

Ralph E. Slate, Decatur, for appellant.

Noble J. Russell, Decatur, for appellee.

WRIGHT, Judge.

A decree of divorce between the parties in this matter was entered on July 9, 1968, in the Morgan County Court of Morgan County, In Equity. The decree from which this appeal was taken modified the original decree as to the custody of the minor child of the parties. Custody, subject to certain rights of visitation, had been granted to appellant, Haskel Ray Ward. By decree of July 3, 1969, custody was changed to appellee, Sandra Faye Ward, and appellant brings this appeal charging error to the court below.

Extensive testimony was heard ore tenus by the trial court, from which was made

and entered a finding that there had been substantial and material change of circumstances since the last decree, and such changes were detrimental to the best interest and welfare of the child, requiring change in custody. We do not consider it necessary to this opinion that the testimony be narrated here.

Appellant has listed 7 assignments of error. The import of them all is that the evidence was insufficient of change of circumstances and conditions to warrant modification of the original decree as to custody of the child. In brief, all assignments of error are argued in bulk.

■ Appellee has filed a motion to affirm for failure of appellant to comply with Rule 1, Revised Supreme Court Rules. We have considered such motion. It is denied. We think the appeal should be disposed of on the basis of merit, if any, rather than technical grounds. Though appellant has failed in his brief to fully comply with either Rule 1 or Rule 9, we think the brief is sufficient to fairly present the issues raised by assignments of error. Barrett v. Hanks, 275 Ala. 383, 155 So.2d 339; Hall v. Dexter Gas Co., 277 Ala. 360, 170 So.2d 796. If this appeal is not considered on merit, we foresee additional filing of petitions and cross-petitions, causing unnecessary burden on the trial court.

■ We think it sufficient to state that we have carefully read and considered the transcript of the evidence and the decree of the trial court in light of the error charged. The evidence is sufficient to support the decree. The matter has been before the trial court for a considerable time. The judge has had much opportunity to come to know the parties, their problems, and personalities. The record indicates he saw and talked with the child. It is clear that the able judge has gone to great lengths to hear the case, and to use every available resource to determine the material issue—the best interest and welfare of the child. We are in accord with the authority of the statutes and precedent

decisions of the Courts of this State, when we hold the decree below not to be plainly and palpably wrong. Wallace v. Wallace, 269 Ala. 438, 113 So.2d 684; King v. King, 269 Ala. 468, 114 So.2d 145; Kyser v. Doan, 271 Ala. 229, 122 So.2d 764.

Affirmed.