261 So.2d 426

**Nettie C. HOEFER**

v.

**Linnie H. SNELLGROVE.**

**4 Div. 28.**

Court of Civil Appeals of Alabama.

June 9, 1971.

Rehearing Denied July 21, 1971.

Farmer & Farmer, Dothan, for appellant.

Lee & McInish and William G. Mc-Knight, Dothan, for appellee.

WRIGHT, Judge.

Appellant brought suit against appellee for negligent injury by an automobile in the Circuit Court of Houston County. The facts of the injury are not material to this appeal and are not necessary to be related. From a jury verdict and judgment in her favor awarding damages in the amount of $2500, plaintiff below, Nettie C. Hoefer, brings this appeal.

The first four assignments of error are general and charge the judgment to be contrary to the law and facts and inadequate in amount. Those assignments are argued in bulk in brief and appellant states argument is directed to one point—that the damages awarded are inadequate.

These assignments are not for consideration for more than one reason. First: They are too general and do not point out the specific matters sought to be complained of.

Second: The question of inadequacy of damages awarded may only be raised on appeal after motion for new trial raising such ground in the court below. W. T. Rawleigh Co. v. Hannon, 32 Ala.App. 147, 22 So.2d 603.

There was no motion for new trial by appellant.

The fifth assignment of error is actually two assignments as it charges two separate rulings of the trial court. The first ruling charged as error in assignment 5 is the granting of a motion to strike a portion of the amended complaint. The portion of the complaint struck upon motion was as follows:

"Plaintiff further alleges that as a proximate consequence of the said injuries, she has been totally disable continuously since the date she received the same as aforesaid, and will be so disabled for a long period of time, to-wit: two years; further, that she will be permanently disabled thereafter to the extent of at least 50% to follow any substantial gainful occupation, all to her great damage in the sum of to-wit, $20,000.00 which amount she hereby claims as special damages."

The motion to strike stated as grounds that the damages claimed in the paragraph complained of were improper, impertinent, unrecoverable, prolix, frivolous and repetitive. Appellee concedes in brief that damages for permanent injury and loss of earning capacity are proper subjects of recovery in this action, "but are properly general damages." Appellee contends that because plaintiff alleged and specified them in this instance as "special damages" they were properly subject to be stricken on motion.

The question of whether such damages are properly defined as general or special is difficult to determine. The usually accepted distinction between general and special damages is as follows:

"* * * general damages are such as naturally and necessarily flow from the wrong act; while special damages are such as naturally, but do not necessarily flow from it. The former do not have to be pleaded in order to give defendant notice that they will be proved at the trial; for they are implied by law, and he is supposed to know, and can prepare to defend as to, all damages that necessarily result from the wrong done. Special damages, however, do have to be set out and claimed in the complaint to the end that the defendant, who could not possibly in all cases anticipate them, may have proper notice of them, and thereby have opportunity to prepare to meet at the trial the proof as to them * * *" Mixon v. Trawick, 264 Ala. 82, 84 So.2d 760; Lambert v. Jefferson, 251 Ala. 5, 36 So.2d 594.

The above stated distinction amounts to a nice flow of semantics. It in fact, distinguishes little. The effect of it appears to be that whether damages are to be classified as general or special depends upon the character and statement of the wrongful act complained of, and to some extent the magnitude of injury suffered. Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388.

For instance, if the act were a terrible automobile accident causing loss of an eye or limb or a broken back, there would necessarily and naturally flow therefrom by implication, permanent injury, future pain and suffering and loss of earning capacity. Thus, such damages would be general. However, if there were a slight accident resulting in slight injury such as a cut finger, loss of earning capacity and permanent injury would not naturally and necessarily by implication of law flow therefrom. If the cut finger developed into a bad infection requiring amputation, there would be permanent injury and loss of earning capacity, but because such unusual circumstances did not naturally and necessarily flow from such slight initial injury, notice would have to be given defendant by setting them out in the complaint. Such would be classified as special damages under the above quoted definition. So long as damages are set out in detail in the complaint, it is unnecessary to classify them therein as either general or special in the usual case. It therefore follows that if they are averred in detail and then classified as special, such classification is meaningless, neither adding to or detracting from the detailed averment. It is mere surplusage.

The province of a motion to strike is not to attack substantive allegations in the complaint, but merely to delete or remove unnecessary prolix and repetitive averments and unrecoverable claims for damages. Logan v. O'Barr, 271 Ala. 94, 122 So.2d 376. It is addressed to the discretion of the court and denial of such motion is not subject to review on appeal. Kelley v. Osborn, 269 Ala. 392, 113 So.2d 192.

We think the damages claimed in the stricken portion of the complaint were properly recoverable for the wrong complained of if proved by proper evidence. Whether they were capable of proof could not be determined by motion to strike.

It is argued by appellee the damages claimed were general damages and not necessary to have been alleged for proof to

have been offered. We do not make a determination on that question. Since they were alleged, though possibly misclassified, they should have been allowed to remain in the complaint when attacked by motion to strike. Our examination of the complaint convinces us that the stricken averments as to permanent injury and loss of earning capacity did not appear elsewhere in the complaint.

The fact that this portion of the complaint was stricken was called to the attention of the jury in the oral charge and they were instructed they could not consider the damages set out therein, even if shown by the evidence. For aught that appears, plaintiff lost opportunity to prove damages alleged therein in the presentation of her case.

Our examination of the transcript convinces us there was evidence of permanent injury, or evidence from which such could be reasonably inferred by the jury. Whether such permanent injury was accompanied by proof of actual pecuniary loss or loss of earning capacity is not controlling as to its consideration by the jury. From evidence of an objective injury of such a nature as to plainly indicate permanency and future pain and suffering, the jury may infer future pain and suffering and award reasonable compensation therefor. If there is expert medical testimony of reasonable certainty of permanency of injury, even though such injury be only subjective, pain and suffering may be reasonably inferred therefrom depending upon the nature of the injury. Collins v. Windham, 277 Ala. 129, 167 So.2d 690 (and cases cited therein).

We have involved in this case evidence of an objective injury though involving some complaints by appellant of a subjective nature. There was testimony on behalf of appellant by a qualified physician and a qualified chiropractor. Both testified as to their objective and subjective findings. Both testified as to their methods of examination and their opinions of the extent of injuries, and course of treat-

ment. They each gave their opinion of duration and residual effect.

The physician stated that the reported difficulty of appellant of her knees giving way was caused, in his opinion, by a softening of cartilage behind the knees. Some of the condition may have pre-existed but was aggravated by the injury; that she had reached maximum improvement and was not likely to get better, but get progressively worse.

The chiropractor stated in his opinion there were dislocated vertebrae, nerve and tissue damage in the back, and that it was his prognosis her back condition would not further improve; that she had reached maximum recovery and that she would grow worse because of traumatic arthritis of the spine caused or aggravated by the injury.

It is not our province to comment on the comparative reliability of the findings and opinions of the expert witnesses. We do not do so. Both witnesses were allowed to be qualified and testified as expert witnesses in their particular area of expertize.

An expert witness is commonly defined as one possessing peculiar knowledge concerning a particular subject, art, skill or profession, gained through study, practice or observation beyond that of ordinary laymen. Independent Life and Acc. Ins. Co. of Jacksonville, Fla. v. Aaron, 282 Ala. 685, 213 So.2d 847. Such experts may qualify to testify only in their particular field. Southern Metal Treating Co. v. Goodner, 271 Ala. 510, 125 So.2d 268.

The practice of medicine and surgery is the practice of the healing art and the entire field of medicine and surgery is open to the practitioner unless restricted by the legislature and his own accepted limitations. The practice of chiropractic is recognized and licensed by the legislature of this state as the practice of a branch of the healing art within restricted limitations.

The trial judge after allowing the qualification and testimony of the chiropractor

as to the injury of appellant within his particular area of practice, subsequently stated that his opinion as to the permanency of appellant's back injury and residual effects thereof was not acceptable for lack of qualification. With this ruling the court rejected the offer of introduction of the American Mortality Tables, printed in the Acts of the Legislature, to show life expectancy of appellant. Appellant insists the court's ruling in this respect was reversible error.

We think the court committed error in this ruling. The testimony of the chiropractor was limited to his findings and prognosis relating to his stated area of practice. This was confined to the spinal column. The permanent injury he testified about was in and about the spinal column. He clearly possessed knowledge concerning this area of the anatomy, acquired through study, practice, and experience above that of the members of the jury. For the court to state categorically that he was not qualified to give an expert opinion as to whether appellant had a permanent injury to the spinal column resulting from her injury was to negate all the testimony of the witness previously admitted, and destroy his standing as a witness, whatever it may have been, in the minds of the jury.

A qualified licensed practitioner of chiropractic is competent to testify as a medical expert in his limited area of the healing art and offer an opinion of reasonable certainty as to whether or not an injury he is qualified to treat, and has treated, is permanent and will require future treatment. Lowman v. Kuecker, 246 Iowa 1227, 71 N.W.2d 586, 52 A.L.R.2d 1380 (cases cited therein). The weight to be given such evidence is solely within the province of the jury.

Since there was evidence of permanent injury to the spine given by the chiropractor and evidence of permanent injury or aggravation of a pre-existing condition in appellant's knees by the physician from which the jury could reasonably infer pain and suffering, the American Mortality Tables should have been admitted in evidence for the jury's consideration. Clark v. Hudson, 265 Ala. 630, 93 So.2d 138; Collins v. Windham, supra.

For the errors noted herein this case is reversed and remanded.

Reversed and remanded.

## ON REHEARING

WRIGHT, Judge.

Appellee contends that this Court erred in its original opinion in holding the trial court in error when it sustained appellee's objection to the admission of the Mortality Tables in evidence. It is contended first that such ruling was not raised by sufficient assignment of error. We concede that the assignment of error under which we considered the ruling of the court was far from a model of specificity, but we do not concede that it was so defective as not to substantially point out the matter referred to. It appears as follows: The court erred in * * * and in sustaining appellee's objection to the questions of appellant's counsel propounded to the appellant and seeking to elicit her life expectancy as well as to future damages on account of permanent injuries * * * as shown on the clerk's transcript, pages 64 and 65.

We consider this assignment sufficiently points out the ruling of the court referred to. There is no other ruling on pages 64 and 65 of the transcript to which it could refer. It appears to us that the sufficiency of an assignment of error to bring it to our consideration for review on appeal is dependent upon our discretion and may not be governed in every case by any set rule of pleading. Since this Court was originated by the legislature and began sitting we have said we do not intend to refuse to review any matter raised on appeal which substantially points out the matter complained of and is argued with reasonable degree in brief. Blount County v. Hollings-

worth, 45 Ala.App. 401, 231 So.2d 324; Watkins v. Watkins, 45 Ala.App. 450, 231 So.2d 904; Ingram v. Brookbank, 45 Ala. App. 388, 231 So.2d 164; Roberson v. Harris, 45 Ala.App. 537, 233 So.2d 96; Ward v. Ward, 45 Ala.App. 625, 235 So.2d 672; Williams v. Atchison Furniture Co., 46 Ala.App. 132, 239 So.2d 204; B'ham Slag Division of Vulcan Materials Co. v. Chandler, 45 Ala.App. 406, 231 So.2d 329. We reiterate that principle here. We do not intend to encourage laxity and lack of diligence by counsel, but we do wish to make clear that we do not intend to refuse consideration of any proper charge of error on the sole basis of the degree of compliance with purely technical matters of pleading.

Appellee further contends that even though we consider the ruling of the court referred to, it does not amount to error on appeal for the evidence offered was properly excluded for at least two reasons. Appellee states it was objectionable since it was made in rebuttal and was not a matter for rebuttal. We do not agree that the Mortality Tables were not proper in rebuttal. Appellee's direct testimony had directly and by inference tended to show that appellant was not permanently injured as a result of injuries suffered in the accident. The Mortality Tables were properly rebuttal evidence, though equally admissible on direct if permanent injury was previously shown by pleading and proof.

It is further contended by appellee that when the offer was made of the Tables they were completely unidentified and thus objection was properly sustainable on that basis. We cannot agree with this contention. This argument is specious in that the record clearly indicates that counsel for appellant stated that he desired to introduce "that part of the 'Mortality Table' for fifty-eight years of age, which is 17.51 years." The court in reply stated "That is the life expectancy * * *" Appellee's counsel then stated "We would like to object to it. For what purpose is it introduced?" There then followed a colloquy

with the court and counsel with the court stating as a basis for its ruling—in the presence of the jury—the following:

"You haven't got any medical testimony that I have heard to back up that allegation, and the Court is of the opinion that Dr. Honan is not sufficiently qualified to give expert opinion as to whether or not she will be permanently disabled as the proximate result, exclusively, of this accident, in question; and the Court is of the opinion the claim she will be permanently disabled and suffer the rest of her life, which according to the table, of life expectancy of 17 years, solely as the consequence of this accident and injury, the Court cannot see that has been satisfactorily proven in this case. I sustain objection to it."

All of this involved the ruling of the court assigned as error as herein above quoted. It is this ruling we have held to be prejudicial error sufficient to reverse. There is only one mortality table admissible by statute into evidence in this state. We take judicial knowledge of Title 47, Sections 278, 279 and 280. It is clear from the quoted discussion what mortality table was referred to. Appellee expressed surprise on rehearing that we designated such tables as American Mortality Table. We suggest reading of Title 47, Section 278 for edification.

Appellee further argues on rehearing that assuming there to have been sufficient assignment of error it was not supported by argument in brief. Again, though we are not rendering accolades to appellant's counsel for his diligence in this regard, the ruling complained of was argued sufficiently to bring the basis of the complaint to our attention.

The argument of appellant in brief was sufficient to bring a response from appellee in brief. In his original brief appellee defended the action of the court in sustaining objection to admission of the Mortality Table or "life expectancy" because "there was absolutely no claim anywhere in plain-

---

tiff's complaint which would have allowed the introduction of life expectancy as evidence. If plaintiff had desired to amend her complaint at that point to claim permanent disability, then such would most certainly have been allowed. No offer was made for such amendment. In addition, the trial court specifically ruled that there was no testimony to justify introduction of evidence which related to this plaintiff's disability. A complete reading of the cross examination of the witness on which plaintiff relied, Dr. Honan, shows beyond any doubt that the trial court ruled correctly in this regard."

On rehearing, in attacking this Court's decision holding the striking on motion of paragraph 2 of plaintiff's complaint by the trial court to be error, counsel departs in the opposite direction to his argument quoted above. There he contended the evidence as to life expectancy offered by plaintiff was inadmissible because permanent disability was not claimed in the complaint and no attempt had been made to amend and replace such allegations which were stricken on his motion.

On rehearing, he says "the striking of such allegation was not error because permanent injury was provable without allegation."

We agree, as stated in our original opinion, that permanent injury was provable in this case without special allegation, but we do not agree that the presence of such allegation is a basis for a motion to strike.

The effect of granting the motion to strike is shown by counsel's argument in his original brief—he considered, and we are convinced the court considered, as shown by its ruling on the offer of the Mortality Tables, and in its oral charge to the jury, that they were not to consider any damages that had been alleged in the stricken portion of the complaint—that the complaint as it went to the jury would not support a finding of permanent injury. It is our conviction that because of these erroneous rulings of the court the jury was misled, as was counsel for appellee, and appellant was prejudiced by such rulings. The fact that such rulings were raised in one numbered assignment of error does not require us to fail to consider them. We adhere to our original opinion.

Application for rehearing denied; opinion extended.