This is an appeal by the defendant from a jury verdict and judgment thereon. The plaintiff sued the defendant for $5,000 alleging misrepresentation and breach of contract.
Able counsel raises several unrelated issues in brief; however, the dispositive issues are (1) Does the evidence support the verdict and judgment and (2) Did the trial court err in allowing the plaintiff to demand a jury some four months after the original complaint and answer thereto had been filed. We find no reversible error regarding either aspect.
The original complaint was filed by the plaintiff in June, 1975. The defendant's answer was filed in July, 1975. In December of 1975, the plaintiff filed what we construe to be a Rule 39 (b) motion, demanding trial by jury. This motion was granted by the trial court. On appeal, the defendant contends that the trial court erred to reversal in granting such motion.
Rule 39 (b), ARCP, in pertinent part provides that:
 "[N]otwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues."
Different views exist as to the appropriate circumstances which warrant invocation of the trial court's discretionary grant of a jury trial pursuant to Rule 39 (b).
 "One view is that [the trial court has] broad discretion under this Rule to order jury trials, and that this discretion should be exercised liberally in favor of granting them.
 "In other cases it has been pointed out that a court should not allow such a motion as a matter of caprice, and should deny the motion in the absence of adequate grounds, or highly exceptional circumstances, . . ." 6 A.L.R.Fed. 217, 222.
We deem the former view to be the better. As stated by the United States Court of Appeals, Fifth Circuit, in Swofford v. B W, Incorporated, 336 F.2d 406, 409 (5th Cir. 1964), cert.denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965):
 "The right to a jury . . . is a basic and fundamental feature of our system. And when the discretion of the court is invoked under Rule 39 (b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. . . ."
The state of the record before us does not reveal any reason, compelling or otherwise, that the trial court should not have allowed a trial by jury. Hence, there was no error in granting plaintiff's motion.
Reviewing the record before us, with the attendant presumption of correctness to be accorded the jury's verdict, the tendencies of the evidence reveal the following:
Plaintiff and defendant orally agreed that plaintiff would purchase an interest in a business establishment known as "Lee Roy's Restaurant Lounge." Defendant owned this establishment. The purchase price was to be $50,000.
At the time of the agreement, the plaintiff paid to defendant $5,000. The instant lawsuit by the plaintiff was to recover the aforesaid $5,000.
The testimony of the plaintiff, with reasonable inferences, was to the effect that he was unable to contact the defendant *Page 459 
regarding the details of the purchase. Specifically, he wanted to know exactly what he had purchased and the financial condition of the business. In other words, he stated there was never a completed contract. On the other hand, the defendant testified the contract was in fact completed.
Without detailing additional evidence, suffice it to say that we deem the evidence to be conflicting as to whether there was a contract or a breach of contract.[1] It is the duty of the trier of fact to resolve that conflict. Ingram v. Brookbank,45 Ala. App. 388, 231 So.2d 164 (1970). It is not our duty to substitute our judgment for that of the trier of fact.McPherson v. Everett, 277 Ala. 519, 172 So.2d 784 (1965).
Able and experienced counsel in brief alludes to an issue of "liquidated damages" versus "penalty." We have carefully reviewed the record before us and the only manner in which this could be raised was from the trial court's oral charge as it relates to the aforesaid subject. No pertinent objection to the oral charge was made by either party. Hence, no reversible error can be predicated on the charge. Rule 51, ARCP.
Additionally, defendant argues in his brief that certain amendments to the complaint should not have been allowed. We find no objection to such amendments and therefore perceive no error.
The case is due to be and is affirmed.
AFFIRMED.
BRADLEY, J., and PAUL, Retired Circuit Judge, concur.
[1] We note that the evidence regarding the contract and the breach is minimal.