This case is before us by original petition for writ of mandamus to Judge Ferrill D. McRae. Petitioners Richard H. Moore and The Dixie Co., Inc., claim Judge McRae abused his discretion in granting a jury trial in the case of John W.Mobley and Forest B. Brooks v. Richard H. Moore and The DixieCompany, the petitioners.
The complaint in Mobley et al. v. Moore et al., filed June 9, 1976, alleges that in 1964 Moore leased a quick foods restaurant to Mobley and Brooks. A clause in the lease states that the lessor agrees not to open a similar place of business within 2 miles of the restaurant during the term of the lease. Dixie, in which Moore is a 50% stockholder, began construction of the Colonial Dixie Restaurant within 1/2 mile of the plaintiff's (Mobley's and Brooks') restaurant. Count 1 alleges irreparable injury and Count 2, breach of contract. They prayed for a temporary restraining order, a permanent injunction, and $50,000.00 damages. Petitioners filed their answers on June 28, 1976.
On August 20, 1976, the trial court denied the temporary restraining order. A demand for a jury trial as to the money damages in Count 2 and the factual issues in Count 1 came August 24, 1976. Petitioners filed on August 28, 1976, a motion to strike the jury demand on grounds that the plaintiffs' failure to comply with Rule 38 of the Alabama Rules of Civil Procedure. The petitioners' motion was denied as was a later motion to set aside the trial court's order, the effect of which granted plaintiffs their jury demand. Rule 38 (b), ARCP reads:
 "(b) Demand. Any party may demand a trial by jury of any issue triable of *Page 416 
right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party, and such demand shall be deemed to be a demand for a struck jury."
Rule 38 (d) provides that a failure to demand a jury trial as required by Rule 38 is a waiver of trial by jury. Rule 39 (b) provides that notwithstanding the failure to demand a jury, "the court in its discretion upon motion may order a trial by jury of any or all issues." Rule 39 (b), ARCP.
The record does not indicate that plaintiffs gave any reasons for the tardy demand for a jury trial. Plaintiffs' brief does state that at the oral argument on petitioner's motion to strike plaintiffs' jury demand, plaintiffs explained that by denying the temporary restraining order "the whole tenor of the case had changed from a suit basically equitable in nature, to an action for damages." Plaintiffs' brief further states, "Judge McRae agreed that by declining to issue the temporary injunction, the case was principally an action for breach of written agreement." While that may be true, it does not determine whether the plaintiffs had a right to jury trial on the issue of breach of contract.
The merger of law and equity under the Alabama Rules of Civil Procedure, and in other merged systems, has supplanted the procedural distinction existing between law and equity with the distinction between jury and non-jury cases. Donaldson and Walls, Merger of Law and Equity in Alabama, 33 Ala. Law 134, 142 (1972). Rule 38 explicitly preserves the right to a jury trial on any issue previously recognized as triable by a jury. Rule 38, ARCP. Under the merged system, it is contemplated that a suit will embrace both jury issues and non-jury issues without affecting the parties' right to a jury trial. Poston v. Gaddis,335 So.2d 165 (Ala.Civ.App., 1976), cert. denied, 335 So.2d 169
(Ala., 1976); see also Committee Comments to Rules 2, 38, and 39, ARCP.
Count 2 of plaintiffs' complaint alleges breach of contract, an issue traditionally tried by a jury. Thus, plaintiffs had a right to a jury trial unless waived under Rule 38.
The trial court has discretion to grant relief under Rule 39 (b) to a party who waives the right to a trial by jury. In the absence of showing the trial court abused its discretion we will not issue a writ of mandamus. Breckenridge v. Leslie,270 Ala. 23, 115 So.2d 493 (1959).
Petitioners urge that we accept the standard established by some Federal Courts of Appeal in reviewing a trial court's use of discretion under Rule 39 (b). Particularly, petitioners urge that we follow Noonan v. Cunard S.S. Co., 375 F.2d 69 (2nd Cir., 1967), which held that some cause beyond mere inadvertence is required to invoke the trial court's discretion under Rule 39 (b).
There is no general agreement on the standard trial courts should use in exercising its discretion under Rule 39 (b). In some jurisdictions a jury trial should be granted in the absence of strong and compelling reasons to the contrary.Swofford v. B W, Inc., 336 F.2d 406 (5th Cir., 1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557; A M FTuboscope, Inc. v. Cunningham, 352 F.2d 150 (10th Cir., 1965). In others, the court has no discretion about special circumstances. General Tire Rubber Co. v. Watkins,331 F.2d 192 (4th Cir., 1964), cert. denied, 377 U.S. 952,84 S.Ct. 1629, 12 L.Ed.2d 498. For a collection of cases decided on this issue, see 64 A.L.R.2d 506 and 6 A.L.R.Fed. 217.
The Court of Civil Appeals has recently addressed this issue and followed Swofford v. B W, Inc., supra, holding that the trial court should exercise its discretion liberally in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary. Clayton v. Simpson,346 So.2d 457 (Ala.Civ.App., 1977).
We agree with the Court of Civil Appeals. The right to a trial by jury is strongly engrained in our legal heritage and *Page 417 
is protected by Section 11 of Article I, of the Constitution of Alabama 1901. In addition, it is the intention of Rule 38 (a), ARCP, that nothing in the Alabama Rules of Civil Procedure abridges this fundamental right as declared by our Constitution and by statute. This weighs heavily against a finding of abuse of discretion.
The record evidences no prejudice to the petitioners by allowing the plaintiffs their right to a jury trial. In absence of such prejudice, the trial court will not be reversed for exercising its discretion under Rule 39 (b).
The writ is hereby denied.
WRIT DENIED.
BLOODWORTH, JONES, EMBRY and BEATTY, JJ., concur.