WRIGHT, Presiding Judge.
This appeal involves the denial of a request for trial by jury in a declaratory judgment suit to determine ownership of certain stock certificates.
Annie Ruth Fuino and John Morrow, Jr., were divorced on July 26, 1978; incorporated in the divorce decree was an agreement which divided the property, both real and personal, held by the parties. The agreement awarded ownership of certain specific pieces of property to Annie and John, respectively, and then provided:
“11. Any and all other jointly held property, not dealt with specifically in this Agreement, previously owned by the Plaintiff and the Defendant jointly, with or without the right of survivorship, shall be awarded to the Defendant, and the Defendant shall have all right, title and interest in and to all of said property, whether it be real or personal. The Plaintiff agrees to execute any and all documents necessary to effectuate said ownership and any conveyances thereunder, to perfect sole ownership in said property in the Defendant. It is specifically intended by this paragraph to state the understanding of the parties hereto that the Defendant herein shall have all right, title and interest in and to any and all real estate, or personalty, either previously jointly owned by the parties, or to which the parties herein may claim any right, title and interest, that is not specifically dealt with in this Agreement. The Plaintiff agrees that she shall, within thirty (30) days from the date of the Defendant’s request to do so, execute any and all documents necessary to effectuate a conveyance of said real estate and/or personalty.”
At the time of the divorce, there was in the possession of Annie and John stock certificate number 3012 of Brookwood Medical *711 Center, Inc., representing 166 shares, and stock certificate number 6744 of Brookwood Health Services, Inc., representing 83 shares. (It is noted on appeal, as it was at trial, that Brookwood Health Services, Inc., was the successor of Brookwood Medical Center, Inc., by virtue of a change of the corporate name, and that the certificates represent a total of 249 shares of stock in Brookwood Health Services, Inc.) Both stock certificates indicate the owners as John Morrow, Jr. and Annie Ruth Morrow “JT TEN.” The backs of the certificates indicate that “JT TEN” means “as joint tenants with right of survivorship and not as tenants in common.”
John retained possession of the stock certificates after the divorce. In December 1978 Annie and her new husband, Daniel Fuino, purchased a mobile home financed by Union Bank and Trust Company. Annie gave the bank the stock as security and executed two assignments, which John also signed. John gave over possession of the certificates to Annie at that time.
On March 20,1980, John’s attorney wrote Annie suggesting that they either sell the stock and split the proceeds or that one of them purchase the other’s interest. The dispute over the ownership continued and on May 15,1981, Annie filed a complaint for declaratory judgment in Jefferson County Circuit Court to determine ownership of the stock and demanded trial by jury. John filed a motion to transfer the cause to the domestic division, to be heard as a part of the original divorce case, on the theory that the stock’s ownership was governed by the prior divorce decree and that that decree was res judicata. The motion to transfer was denied.
John filed a motion to strike the jury demand, which was granted, and a motion for summary judgment, which was denied. After an oral hearing, judgment was rendered awarding ownership of the stock certificates to John. Annie’s motion for a new trial on the ground that the trial court erred in denying her a trial by jury was denied. This appeal followed.
At the trial below Annie contended that although the stock certificates were jointly held, she was the sole owner. The evidence is undisputed that Annie purchased one share of Brookwood stock in her name only, while working there as a volunteer. By reason of her ownership of that share of stock she was given an opportunity to buy additional stock in 1975. She purchased 165 shares of stock at that time, paying $990; a stock certificate was issued in the name of “JOHN MORROW, JR. AND ANNIE RUTH MORROW JT TEN” for 166 shares of stock. Annie purchased the stock with $1,000 given her by John. In 1978, the stock split and Brookwood issued 83 more shares to John and Annie as joint tenants.
According to the trial court:
“There is no dispute that the defendant [John] gave the. Plaintiff [Annie] the money used to purchase the stock. The dispute is whether the Defendant gave the Plaintiff $1,000.00 to spend as she wished so that the stock became part of her separate estate or whether it was to purchase the stock as an investment for the parties jointly. ' Considering all of the evidence presented to it, including the nature of the relationship of the parties at that time and the subsequent action of the parties, the Court finds that the stock was jointly held and jointly owned and that it, thus, is included under the personal property described in Section 11 of the [Divorce] Agreement.”
The sole issue on appeal is whether the trial court erred in striking Annie’s demand for trial by jury. According to § 6-6-228, Code of Alabama 1975: “When a proceeding under this article [Declaratory Judgments] involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.” This statute has been interpreted to mean that a party is entitled to a jury trial “if he would have had such a right in the cause of action for which the declaratory relief may be considered a substitute.” Sherer v. Burton, 393 So.2d 991 *712 (Ala.1981); Hanks v. Hanks, 281 Ala. 92, 97, 199 So.2d 169, 173 (1967); Reed v. Hill, 262 Ala. 662, 663, 80 So.2d 728, 729 (1955).
Annie contends that her declaratory judgment action is a substitute for an action in detinue or trover, and that she was therefore entitled to a trial by jury. Rule 38, A.R.Civ.P., requires that a demand for trial by jury be made not later than thirty days after the service of the last pleading. Annie demanded a jury trial on the face of her complaint; her trial should have been by jury unless the court found that the right to trial by jury did not exist under the constitution or statutes of this state. Rule 39, A.R.Civ.P.
“The right to a trial by jury is strongly ingrained in our legal heritage and is protected by Section 11 of Article I, of the Constitution of Alabama 1901. In addition, it is the intention of Rule 38(a), ARCP, that nothing in the Alabama Rules of Civil Procedure abridges this fundamental right.... ” Mobley v. Moore, 350 So.2d 414, 416-17 (Ala.1977).
The Supreme Court of Alabama has adopted the standard of review expressed by this court in Clayton v. Simpson, 346 So.2d 457 (Ala.Civ.App.1977), concerning a trial court’s use of discretion under Rule 39(b), A.R.Civ.P. Mobley v. Moore, supra. Under Rule 39(b), the trial court should exercise its discretion liberally in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary. Id. A similar standard should apply to Rule 39(a).
At this point we are compelled to point out that one issue specifically not before this court is whether the trial court erred in denying John’s motion to transfer the case to the domestic division of circuit court to become a part of the original divorce case. John contends that this case did not involve a factual issue — only a legal one: the interpretation of the prior divorce decree. This court has said that, “[Wjhether or not a particular piece of property is specifically subject to a dispositive provision in a divorce decree must be determined by reading the terms of the decree with a view to the evidence concerning the property presented in the case.” West v. West, 57 Ala.App. 327, 330, 328 So.2d 583, 585 (1975), cert. denied, 295 Ala. 427, 328 So.2d 587 (1976). There is little doubt that had this case been transferred to the domestic division, that court would have had authority to decide this case without a jury as a construction of the original decree of divorce. However, this case was not transferred, and the denial of the motion to transfer is not before us for review. We must therefore assume that the case was properly before the trial court, and must consider only the narrow issue of whether Annie had the right to a jury trial.
The court below defined the only dispute between the parties as a factual one; that is, whether John gave Annie the $1,000 to spend as she wished or specifically to purchase the stock as a joint investment. Annie would have been entitled to a jury trial on that issue in an action in detinue, conversion, or breach of contract. 26A C.J.S. Detinue § 21 (1956); 89 C.J.S. Trover and Conversion § 232 (1956); 17A C.J.S. Contracts § 610 (1963). Annie was therefore entitled to a trial by jury, and the trial court erred in denying her motion at that early stage of the trial.
We must consider that, without a transcript before us, we cannot determine whether Annie presented enough evidence on the issue for it to go to the jury and thus avoid a directed verdict. The judgment of the trial court is reversed and the cause remanded for a trial by jury on the disputed factual issue.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.