ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal is from a judgment for damages resulting from a contempt order.
The parties were divorced in the Circuit Court of Walker County. On March 14, 1986 the husband filed a complaint for fraud, alleging that the wife had improperly transferred to a third party a parcel of real property awarded to the husband in the divorce decree. The husband sought damages for the period of time that title to the land was clouded, thus preventing him from selling it. The husband subsequently filed a petition for rule nisi in which he set out essentially the same facts and requests for relief contained in the complaint for fraud. The wife filed an answer in which she included a demand for trial by jury on the issues.
On February 19, 1987 an ore tenus proceeding on the contempt issue was held and the trial court found that wife was in contempt. The trial court’s finding of the wife's contempt was affirmed on appeal. *1209 Hudson v. Hudson, 521 So.2d 40 (Ala.Civ.App.1987). During the course of subsequent proceedings, the wife requested that the issue of damages arising out of her contumacious conduct be reserved for a jury trial, and the trial court assented to this.
On February 24,1989 the husband filed a motion to consolidate his complaint for fraud and the issue of damages arising from the judgment of contempt. This motion was granted and the cause was set for hearing on October 29, 1990. On October 29 the trial court severed the issue of fraud from the proceedings and a jury trial was held solely on the issue of damages arising from the wife’s contempt. The jury returned a verdict for the husband in the amount of $30,000. The wife appeals from the jury verdict.
The wife argues that she never demanded a jury trial on the damages arising from the contempt action. She points out that her original written demand for a jury trial was filed in her answer to the husband’s action for fraud, which has yet to be tried, and not with the petition for rule nisi.
The record of the proceedings in this case is no paragon of clarity, but it is sufficiently clear for us to conclude that the wife’s initial demand for a jury trial was contained in her answer to the husband’s complaint for fraud, not his petition for rule nisi. The wife thus never filed a written demand for a jury trial on the issue of damages for contempt, as required by Rule 38 of the Alabama Rules of Civil Procedure. However, where a party fails to make a jury demand under Rule 38, the trial court’s discretion may be invoked to grant a jury trial under Rule 39(b), A.R.Civ.P., as follows:
“Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.”
In this case, a demand for a jury trial on the issue of damages could have been “made of right” by the wife under the authority of Lightsey v. Kensington Mortgage & Finance Corp., 294 Ala. 281, 315 So.2d 431 (1975). In Lightsey the Alabama Supreme Court held that a party who sustains damages as a result of another’s contemptuous acts may recover for these damages without filing a separate action. The court further held that “either party on demand would be entitled to a jury trial on the issue of damages.” Lightsey.
The record reveals that at the conclusion of the hearing on the petition for rule nisi both parties acknowledged their right to a jury trial on this issue. The transcript of the proceeding shows that the husband waived this right. The trial court then specifically asked whether the wife was electing to exercise her right to a jury trial on the issue of damages, and the wife’s counsel emphatically responded in the affirmative. We find that this exchange was the functional equivalent of a Rule 39(b) motion, made by the wife’s counsel and granted by the trial court. The trial court’s discretionary power under Rule 39(b) was thus invoked.
We have held that the trial court should exercise its discretion under Rule 39(b) liberally in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary. Fuino v. Morrow, 427 So.2d 710 (Ala.Civ.App.1983). Here, the wife requested a jury trial on the issue of damages and got what she asked for. This was her right under Lightsey and we find no compelling reason why the trial court should have denied it. There being no abuse of the trial court’s discretion, its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.