JUNE 1821.

Hepburn
vs
Sewell

JUDGMENT REVERSED, &c.

## COURT OF APPEALS, JUNE TERM, 1821.

### HEPBURN, Adm'r. of FISHWICK, vs. SEWELL.

APPEAL from *Prince-George's* county court. *Trover* for several negro slaves, brought by the appellant against the appellee. The facts are sufficiently stated in the opinion of this court. The court below, [*Johnson*, Ch. J. and *Key*, A. J.] were of opinion against the plaintiff, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, EARLE, and Dorsey, J.

*R. Johnson*, for the appellant, cited 6 *Bac. Ab.* tit. *Trover*, (A.) 679, 690. 1 *Chitty's Plead.* 192, 489, 531, 683; and *Le Bret vs. Papillon*, 4 *East*, 502.

*Harper, Magruder* and *J. Johnson, Jr.* for the appellee, relied on 1 *Com. Dig.* tit. *Trover*, 319, and 2 *Esp. Dig.* 208.

*If the damages, recovered by a judgment in an action of trover for the conversion of personal property, be paid by the defendant, and such property was not delivered back to the plaintiff, and accepted by him prior to such action, the right to it becomes vested in the defendant, and his title has relation back to the time of the conversion. If the property increases in value between the conversion and the satisfaction of the judgment, the defendant is entitled to the benefit of such increase; it it diminishes in value, he bears the loss.*

DORSEY, J. delivered the opinion of the court. The appellant in this cause, as administrator of *Jane Fishwick*, instituted an action of *trover* in *Prince-George's* county court, to September term 1812, against the appellee, to recover the value of certain negroes, among whom were *Sall*, *Patt* and *Phillis*, the property of the appellant's intestate, and obtained a verdict for the sum of $7153 50, on which judgment was rendered. The appellee appealed from that judgment to the court of appeals, and the same was affirmed at June term 1818, and the amount of the judgment, with costs, was paid by the appellant to the appellee, before the trial, but after the issue was joined in the present suit. After the commencement of the action of trover, in which the verdict was rendered, the slaves *Sall*, *Patt* and *Phillis*, each had a child, and the present action of trover

June 1821. was instituted by the appellant to recover the value of the
said children. The court below decided that the action
could not be maintained, and this court concur in that de-
cision. The *British* authorities lay down the general pro-
position, that if the plaintiff in an action of trover has re-
covered damages for the conversion of the goods, the pro-
perty thereof vests in the defendant, who, as damages to
the value have been recovered against him, is to be consi-
dered as a purchaser. *Adams vs. Broughton, 2 Strange,*
1078. 6 *Bacon's Abridgment*, title *Trover*, letter A, page
679. This court are of an opinion, that the judgment *per
se* doth not clothe the defendant with the legal character of
a purchaser, but that the judgment, and its fruit, to wit,
the payment of the amount thereof, must both concur, to
vest the right of property in the defendant. But the ques-
tion occurs, to what epoch shall the title of the defendant
relate on his satisfying the amount of the judgment? and
we think his title relates back to the time of conversion.
If the thing converted should, from any cause whether na-
tural or artificial, be destroyed during the interval inter-
vening between the period of conversion, and the payment
of the judgment, the loss must be sustained by the defen-
dant; and it would seem to follow, that if the thing should
improve in value during that period, the benefit ought to
enure to the defendant, on the principle *qui sentit onus,
sentire debet et commodum.* It must be borne in mind that
the plaintiff in an action of trover compels the defendant
to become a purchaser against his will; and from what pe-
riod does he elect to consider the defendant as a purchaser
or as answerable to him for the value of the thing convert-
ed? He selects the date of conversion as the epoch of the
defendant's responsibility, and claims from him the value
of the property at that period, with interest to the time of
taking the verdict. The inchoate right of the defendant,
as a purchaser, must therefore be considered as coeval with
the period of conversion, and this right being consummated
by the judgment and its discharge, must, on legal and equit-
able principles, relate back to its commencement.‖ The
generality of our expressions must not be misunderstood;
we do not mean to decide that in all cases of trover the
payment of the damages assessed vests the right of property
in the defendant. Thus, if property converted is return-
ed and received by the owner before the institution of an

action of trover, as damages could only be given for a par-
tial conversion, the payment thereof would not divest the
right of property out of the plaintiff, and vest it in the de-
fendant.