## SMITH, use, &c. vs. HOOKS, et al.

1. The recovery and satisfaction of a judgment in an action of Trover, for the conversion of a slave, who was drowned while in the possession of the defendant under a contract of hiring, damages being assessed for her value at the time of the converson, vests the title in the defendant from the time of the conversion, and hire cannot be recovered for the unexpired part of the term.

Error to the County Court of Sumter.

R. H. Smith, for plaintiff in error.

It is settled by many authorities that in trover the plaintiff may recover the value of the property at the time of conversion, or at any time between that and the trial.—Tatum v. Manning, 9 Ala. 144.—The case, White v. Martin, 1 Por. 215, only holds that slaves born pending the suit cannot be recovered, but this does not conflict with the principle above. Indeed the court say, in White v. Martin, that plaintiff might have dismissed his suit, and brought another, including the issue.—The case Lee v. Mathews, 10 Ala. 682, is in principle to the same point.

The property in the goods is not changed by the default of

defendant, but by the recovery of the judgment, (Carlisle v. Burley, 3 Greenl. 250;) and it would have been more proper to have said, by the payment of the judgment.

The time of conversion, laid in the declaration, cannot be conclusive, because the time need not be proved as laid, and parol evidence is admissible to show for what the recovery actually was.—4 Phil. Ev. note 590, p. 837-9, ib. 829; Robertson v. Windham, 9 Por. 397. The death of the slave did not excuse defendant from paying hire for the whole year.—Perry v. Hewlett, 5 Por. 318. If so, to hold that in this case he is excused, would be to establish, that although defendant would not have been excused by natural death of the slave, yet he is, because he caused her death; for if plaintiff asserted his right to damages for the wrong, the principle insisted on would excuse the hire. It is certainly not wrong to allege the drowning at the time it actually took place. The plaintiff had a right to do as he did, to waive his right of action in trover, until the termination of the hiring, and to recover the hire, and to treat the conversion as accruing at its expiration.

HUNTINGTON, *contra:*

Recovery in trover, vests the title of the property in the defendant, and the damages recovered are the price of the chattel so transferred by operation of law; and when the judgment is satisfied, the vesting of the property in the defendant relates back to the time of the conversion.—White v. Martin, 1 Por. 215. It follows from this, that the defendant in error having converted the negro during the year for which he hired her, having paid her value under execution for said conversion, was only bound to pay hire from the beginning of the year up to the time when the conversion occurred; for then the title of the property was changed, and the negro became his by relation, from the time when the judgment against him was satisfied. The defendant's plea therefore was good.

DARGAN, C. J.—Without alluding to the form of the pleadings, I will content myself with stating the facts presented by them, and which give rise to the question of law that we must decide. The defendant, Hooks, hired of the plaintiff a female slave for the year 1847, and gave the note declared on

Smith, use &c. v. Hooks et al.

to secure the payment of the hire. On the 15th day of July, 1847, during the term of hire, the slave was drowned, under circumstances that rendered the defendant liable for her value. In February 1848, the plaintiff brought an action of trover against Hooks, laying the conversion on the day she was drowned, and recovered damages, which were assessed at the value of the slave on the day of the conversion. But at the request of the plaintiff's counsel, interest upon the damages was not allowed until the first day of January, 1848, at which time the term of hiring expired. Upon these facts, the question is, whether the plaintiff can recover hire from the 15th of July, 1847, the day on which the conversion took place.

It is very clear, that one who hires a slave, or any other chattel, cannot dissolve the contract of hiring, or relieve himself from the payment of the hire, by a conversion of the chattel during the term. But if he violates the obligations of his contract of hiring, and destroys the chattel, we think it equally clear that the owner is not bound to wait until the time of hiring is expired, but may abandon the contract, and sue in trover. He is not, however, compelled to do so; he may wait until the term of hiring is expired, and sue for the hire, as well as for a failure to return the chattel hired. But if he brings trover either before or after the term of hiring is expired, and recovers the value of the chattel at the date of the conversion, and the recovery is satisfied, the title of the chattel must then be considered as vested in the defendant from the time of the conversion; for the rule is well settled, that a recovery and satisfaction in the action of trover vest the title of the chattel in the defendant from the time of the conversion.—White v. Martin, 1 Por. 215; Hepburn v. Sewell, 5 Har. & J. 211.

It will follow, I think, that the contract of hiring must be considered as dissolved, from the time the title vests absolutely in the party who first hired, and then converted the chattel, and from that time the plaintiff cannot recover hire. But it may be urged, that this view would preclude the plaintiff from recovering in assumpsit for the hire of the slave, after a recovery in trover, although the damages were assessed, not according to the value of the slave at the time of the conversion, but at the time the slave should have been returned to the owner. This question I will not decide, because it is not absolutely necessary.

But I hold that if the value of the slave is estimated according to its value at the date of the conversion, the satisfaction of the recovery vests the title in the defendant from the time of the conversion, and from that time no hire can be recovered; and if the plaintiff could be permitted to recover hire after the conversion, he must show that the value of the slave was not estimated at the time of the conversion, but at the time the slave should have been returned to him. That the plaintiff waived interest on the value of the slave from the date of the conversion until the end of the term of the hiring, cannot aid him, for the value of the slave at the time of the conversion he has received; this deprives him of title from that time, and if he could be permitted at all to recover hire after a recovery in trover, he must show that the damages assessed were estimated according to the value of the slave, when it should have been returned to him, and not according to the value when converted.

The ruling of the court does not contravene the law, and the judgment must be affirmed.