(Decided June 27th, 1862.)

## WILLIAM STIRLING and others, *vs.* WILLIAM GARRITEE.

Declaration under the new system of pleading, "for that the defendant converted to his own use, or wrongfully deprived the plaintiff of the use and possession of" his goods, (specifying them,) "and the plaintiff claims a *return* of said goods, *or their value*, and $1500 *for their detention*." Verdict for plaintiff for $475, damages. On motion in arrest, HELD:

That this declaration is *in the nature* either of *trover* or *detinue*, and the judgment must be arrested: if in *trover*, because no damages are laid for the injury complained of, the damages claimed being for the *detention*, and not for the *conversion* of the goods: if in *detinue*, because the verdict does not ascertain their *value*.

Stirling, *et al.*, *vs.* Garritee.

The purpose of the Act of 1856, ch. 112, was to simplify the forms of pleading and practice, and while it classifies and provides forms for actions of *contract* and *tort*, yet the *distinctive nature* of actions still remains, though the old forms have been abolished and new ones adopted.

The substantial principles underlying our system of jurisprudence, and, to some extent, governing the forms of action, must *still be recognized*, however the new form may be changed or simplified.

The measure of damages in *trover*, is the value of the goods at the time of conversion, and when the plaintiff obtains this value, it operates as a transfer of the title from the time of the conversion.

Where a declaration seeks, in addition to legitimate damages, other damages which the form of action does not permit, and damages are assessed generally by the verdict, the judgment must be arrested.

There must be a reasonable certainty in every judgment, that the defendant may be enabled to plead it in bar of any subsequent suit for the same cause of action.

APPEAL from the Superior Court of Baltimore City.

Action, brought September 8th, 1857, by the appellee against the appellants, "for that the defendants converted to their own use, *or* wrongfully deprived the plaintiff of the use and possession of the plaintiff's goods, that is to say, bricks, brick-kilns, wood, joists, rafters, and boards, *And the plaintiff claims a re turn of said goods, or their value, and* $1500 *for their detention.*" Plea, that the defendants did not commit the wrong alleged; verdict in favor of plaintiff for $475 damages, and motion in arrest upon the ground, among others, of the insufficiency of the declaration; motion overruled by the court, (LEE, J.) and appeal by defendants from the judgment on the verdict.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*A. W. Machen* for the appellants.

The *body* of this declaration is a literal copy of form 29, given in the Act of 1856, ch. 112. The *conclusion* which determines the character of the action is in the form prescribed by that Act, (as well as by the English common law procedure Act, from which all our forms for declarations are

copied *verbatim*,) for the case where "the action is brought to recover specific goods." It is to be noted, also, that while this Act says certain *forms* of declarations and pleas *may* be used, says that, "every declaration *shall* conclude as follows, or to the like effect." Considering this declaration, as in *replevin*, a verdict upon it cannot be supported for want of a proper *writ*. 6 *Md. Rep.*, 1, *Booth vs. Hall*. The writ and declaration, however, are applicable to *detinue*—an action which certainly exists still in Maryland, though neglected in practice. 1 *Harr. Ent.*, 652, 654. 2 *Harr. Ent.*, 200, 201. See, also, 1 *Hurls. & Nor.*, 572, *Allan vs. Dunn*, where a count, almost word for word like this declaration, was used and received as a count in *detinue*. To take the declaration as counting in *detinue*, is the only construction that can be suggested which makes it good as it stands, and, therefore, the party pleading it cannot insist upon any other. 57 *Eng. C. L. Rep.*, 220, *Moore vs. Forster*. It is insisted, therefore:—

1st. Regarding this as a declaration in *detinue*, claiming a recovery of specific chattels, it is clear, the judgment ought to have been arrested, for the verdict and judgment are erroneous in not ascertaining, or giving any means of ascertaining, the *value of the property*. 69 *Eng. C. L. Rep.*, 859, *Phillips vs. Jones*. 10 *Coke*, 119, *b.*, *Cheyney's Case*. 1 *Tidd.*, 574. 2 *Tidd.*, 887. The plaintiff has a right to recover the very goods, if they can be obtained; for which reason, payment into court, in satisfaction of their value, cannot be pleaded by the defendant; and *e converso*, the defendant has a right to retain the goods under the judgment, instead of paying their value.

2nd. But even if it were consistent with the rules of pleading to construe it as a declaration in *trover*, the judgment could not be supported, 1st. For, under such a construction, no damages are laid *for the injury complained of*. In this view, the plaintiff alleges a conversion, for which he would be entitled to recover the worth of the things converted; and he asks damages, not for *that*, but for a *detention* of the property. The effect is the same as if he had asked no damages at all—a vice

which is clearly not cured by verdict. 2 *H. & J.*, 350, *Faget vs. Brayton.* The rule is not technical, but belongs to every mode of remedy, that the plaintiff is not entitled to recover what he does not ask. It is not possible to reject the claim of a return of the goods and that qualification of the claim of damages, which limits it to damages for the detention; for such a rejection of essential words would far exceed any justifiable latitude of construction. In proportion to the brevity of these statutory forms, is their fullness of meaning. Such an emasculation of the form of conclusion employed here, would amount to an obliteration of the cardinal distinction which the statute takes pains to draw. The clause would be made to mean, exactly what the Legislature have declared that it shall *not* mean. An allegation that is material can never be surplussage. 73 *Eng. C. L. Rep.*, 139, *Aldis vs. Mason.* The statement, that the damages sought are for the detention of the goods, and are incident to a return of the property, is no more capable of being treated as surplussage, than the statement of the amount of damages. As the conclusion stands, in its entirety, they both are equally material parts of it. 2nd. The damages, which the declaration *does* claim, are not recoverable in *trover*. The plaintiff asks, in addition to the value of the property, damages for the detention of it. The measure of damages, in *trover*, is the *value of the goods at the time of conversion.* 5 *H. & J.*, 211, *Hepburn vs. Sewell.* Obtaining compensation for the thing itself, (which operates as a sale of it from the date of the conversion,) the plaintiff cannot also have the value of the *usufruct.* 5 *H. & J.*, 212. But it is settled, that where a declaration seeks, in addition to legitimate damages, other damages which are not proper to be recovered, and the jury assess damages *generally*, the judgment *must be arrested.* 2 *Wms. Saund.*, 169, 171, *Hambleton vs. Veere.* This is universally true where the declaration contains but one count. The only operation of the Act of 1809, ch. 153, sec. 2, (Code, Art. 75, sec. 8,) is to prevent the failure of a verdict rendered on one good count, by reason of its also embracing a bad one.

1 *Gill*, 52, *Gordon vs. Downey.* The rule, *fortius contra proferentem,* is not affected by the modern change in the system of pleading, but is still against the party pleading. 4 *Ellis & Black.*, 933, *Gould vs. Webb.* The result is, if the declaration is good, the verdict is wrong; and if there is no error in the verdict the declaration must be bad.

3rd. If it was uncertain, upon the face of the declaration, what case the plaintiff was going for, or if there be now, upon the whole record, any uncertainty as to the scope of the judgment, this itself is a reason for a repleader. There must be such reasonable certainty in every judgment, that there may be no doubt what is decided, and that the party may be able to plead it. 8 *G. & J.*, 385, *Boteler, et al., vs. The State.* A judgment in *detinue* does not change the property. 5 *B. Munroe*, 5, *Sharp vs. Gray.* A judgment in *trover*, when satisfied, operates a change of ownership from the date of the act of conversion. Would the property in these bricks be changed if this judgment was satisfied? Payment of damages for the detention of them, which is what the plaintiff asked, would have no such consequence, and the defendants might still be sued in *trover.* Yet, it cannot be doubted that this would be most unjust. The jury were misled, and the plaintiff being alone responsible for the ambiguity, the defendants ought not to suffer from it. A repleader will give an opportunity of doing justice to all parties.

*Benj. F. Horwitz,* for the appellee:—The declaration is sufficient and almost in the precise language of form 29, of the Act of 1856, ch. 112. It is a declaration in *trover*, and contains all the ingredients of a declaration in such an action. *Trover* lies not only to recover the value of the thing at the time of conversion, but also damages for the conversion from the time of conversion to suit brought. 2 *Md. Rep.*, 261, *Buel vs. Pumphry.* 1 *Johns.*, 65, *Shotwell vs. Wendover.* 2 *Johns.*, 280, *Wilson, et al., vs. Conine.* 1 *Chitty's Pl.*, 156. *Detinue* implies a taking without a tortious *conversion*,

and is a form of action not used in this State. *Ev. Pr.*, 45. Again, the Act of 1856 strikes down all *forms* of actions, and ignores all forms of pleading as known to the common law, except *replevin*. But all the defects alleged are *cured by verdict* even if existing. Such would be the case in England where more strictness prevails in matters of *form*, and where special pleading meets with more favor. 1 *Chitty's Pl.*, 673 to 684, *Bing. on Judgments*, 80, in 13 *Law Lib.*, 30 to 35. In this State the taking advantage of mere *matters of form* and reliance upon *technicalities*, to cause delay, trouble and expense, has been discountenanced from early provincial times, and consequently but very little can be found on the subject of arresting judgments, through the whole series of *Reports* of this State. *Acts of* 1763, *ch.* 23, *sec.* 2. 1809, *ch.* 153, *sec.* 2. 1811, *ch.* 161, *sec.* 4. 1852, *ch.* 177, *sec.* 1. 1856, *ch.* 112, *sec.* 43. 1 *H. & G.*, 4, *Vandersmith vs. Washmien.* 7 *H. & J.*, 78, *James vs. Lawrence.* 6 *H. & J.*, 282, *Kiersted vs. Rogers.* 2 *Md. Rep.*, 313, *Williams vs. Brumble.* Under the provisions of some of these Acts and decisions, this court has power to amend the proceedings, (if it should think they require amendment,) even at *this stage of the cause*, and to give judgment according to the verdict. 18 *Johns.*, 510, *Lion vs. Burtis.* It seems to have been the policy of the Legislature of this State, to frown down any attempt to entangle its citizens in the old English network of special pleading, which was dangerous to the rightful and equitable decision of causes, which prolonged the litigation of a suit from generation to generation, and which made the assertion of a man's rights in a court of justice, a *luxury* which the *few* only could afford to indulge in.

GOLDSBOROUGH, J., delivered the opinion of this court.

The appeal, in this case, was taken from an order of the Superior court of Baltimore city, overruling a motion made by the appellants for an arrest of judgment on the verdict in favour of the appellee. The appellants have assigned several

60    v.18

reasons in support of the motion. The only one upon which it is material for us to express our opinion, is the alleged insufficiency of the declaration.

Whatever view may be taken of the Act of 1856, ch. 112, under the provisions of which the appellee prosecuted this suit, the precedent adopted by him, if it have any distinctive character, must be in the nature either of *trover* or *detinue*. If in the former, the judgment cannot be supported, as no damages are laid in the declaration for the injury complained of. The measure of damages in *trover*, is the value of the goods at the time of conversion. The plaintiff obtaining this value, it operates as a transfer of the title from the time of conversion. 5. *H. & J.*, 211. In this case, the appellee claims, by his declaration, damages for the detention of the property, and not for the conversion of it. And he claims also a return of the property or its value.

When a declaration seeks, in addition to legitimate damages, other damages which the form of action does not permit, and there be a general assessment, the judgment should be arrested. 2 *Wms. Saunders*, 169, 171, *and notes*. If this action be regarded in the nature of *detinue*, a judgment on a verdict which does not ascertain the value of the property would be erroneous. The form of the conclusion in such actions, allows the plaintiff to claim the return of the property or its value. There must be a reasonable certainty in every judgment, that the defendant may be enabled to plead it in bar of any subsequent suit for the same cause of action. 8 *G. & J.*, 385.

The purpose of the Legislature in passing the Act of 1856, was, "to simplify the rules and forms of pleadings and practice in courts of law;" and while the Act classifies and provides the forms of action for those on contract, and for actions for wrongs independent of contract, yet it must be apparent that the distinctive nature of actions remains, although the old forms have been abolished and new ones adopted.

It is impossible to disregard the substantial principles which

underlie our system of jurisprudence, and to some extent govern the forms of action. These principles must still be recognized, however the new form may be changed or simplified. To disregard them would lead to endless confusion, and tend to defeat the purposes of justice.

In this case, we think, the substantial requirements of the Act of 1856 have not been complied with. The declaration is materially defective, and the verdict thereon cannot be supported. The decision of the Superior court, on the motion, must be reversed, and the judgment arrested.

*Judgment arrested.*

(Decided June 27th, 1862.)