231 So.2d 324

**BLOUNT COUNTY**

v.

**Tracy G. HOLLINGSWORTH and Wife, Dora Lee Hollingsworth.**

**6 Div. 18.**

Court of Civil Appeals of Alabama.

Feb. 4, 1970.

---

Barber & Johnston, and James M. Holmes, Birmingham, for appellant.

Nash, NeSmith & Walker, Oneonta, for appellees.

WRIGHT, Judge.

This case arose out of a summons and complaint filed in the Circuit Court of Blount County, Alabama, on March 13, 1968, by Tracy G. Hollingsworth and Dora Lee Hollingsworth against Blount County.

The complaint alleged damages arising out of a breach of contract. It appears that on the 19th day of November, 1966, the plaintiffs executed a warranty deed to Blount County granting to the county fee simple title to certain real estate for the building of a public road. Inserted in the deed, and as a part of the consideration, was an agreement that plaintiffs' residence and a butane gas tank were to be moved to a new location according to a certain plan, without cost to plaintiffs.

Plaintiffs aver that as the result of the breach of the implied warranty in this agreement, their house was damaged in the amount of $3,000. The implied warranty being that the moving of the residence would be done in a good and workmanlike manner. There is no real dispute that it was not so moved and suffered extensive damage.

It is averred in the complaint that an itemized, verified claim was submitted to the county and said claim was duly denied by the Court of County Commissioners of Blount County, on March 11, 1968.

Demurrer was filed to the complaint and overruled. Answer was filed, issue joined and a trial by jury was had, with verdict and judgment in favor of plaintiffs, in the

amount of $2550, on December 3, 1968. Motion for new trial was filed and denied by the court on January 29, 1969.

This appeal is brought by Blount County, appellant, on assignment of 10 errors alleged committed by the court below.

Assignments 1, 2, and 3 are argued jointly by appellant in brief, and are numerical in order as follows:

1. That the court erred in overruling demurrer 1 to plaintiffs' complaint; 2. That the court erred in overruling demurrer 2. 3. That the court erred in overruling demurrer 5. We recognize that appellant is referring to grounds of demurrer, rather than to demurrers, when it refers to demurrers by number in these assignments.

Ground 1 of appellant's demurrer was what is commonly called general—it merely stated that the complaint fails to state a cause of action. This kind of demurrer has been specifically abolished by Title 7, Section 236, Code of Alabama 1940. The section reads as follows:

"No demurrer in pleading can be allowed except as to matters of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

Appellant has chosen to assign error to the overruling by the trial court of specific grounds of the demurrer. If none of these have merit, the court on appeal cannot consider any other grounds set out in the demurrer. Grounds of demurrer, which are not asserted as having merit are waived and will not be considered on appeal. United Insurance of America v. Pounders, 279 Ala. 410, 186 So.2d 125; Hartford Fire Ins. Co. v. Clark, 258 Ala. 141, 61 So.2d 19.

Ground 2 of the demurrer is "that there is a misjoinder of parties plaintiff."

This ground is too general and presents nothing for review.

Ground 5 is "For aught that appears the damages set forth in the complaint are not chargeable to the defendant."

This ground also is general and specifies nothing other than a conclusion.

All these grounds are in violation of Title 7, Section 236, Code of Alabama 1940, and the trial court was not in error in overruling a demurrer containing only such grounds.

In addition, we find that argument addressed to assignments of error 1, 2, and 3 jointly is not sufficiently addressed to any one of them to adequately advise this Court of the point of application, and thus is not in accord with Rule 9, Revised Rules of the Supreme Court. Therefore, assignments of error 1, 2 and 3 are deemed waived and are not to be considered on this appeal. Hartford Fire Ins. Co. v. Clark, supra.

Assignments of error 4 and 6 are directed at the alleged admission by the trial court, into evidence, illegal testimony of a witness for plaintiffs over objection of defendant.

The brief of appellant refers only to these assignments of error by number, and does not set out the error complained of. This is also in violation of Rule 9, Supreme Court Revised Rules. Such failure to specify in brief the error alleged committed requires this Court to search the record to find the assigned errors, and further to search the transcript of evidence to find the rulings complained of. Rule 9, Supreme Court Rules was designed to enable the reviewing court to determine from the briefs themselves whether there was error below, and merely listing the numbers, without more, is not a compliance with this Rule. Dudley Bros. Lumber Co. v. Long, 268 Ala. 565, 109 So.2d 684.

In spite of such violation, since such rules are directory only, and this Court may exercise its discretion in considering appellant's brief, we will dispose of

the assigned errors on their merits. Commercial Standard Ins. Co. v. New Amsterdam Casualty Co., 272 Ala. 357, 131 So.2d 182.

■ In assigned error #4, the question objected to by appellant, and which objection was overruled by the court, was not answered by the witness. A similar question, but in different form, was then posed to the witness without objection.

The Supreme Court of Alabama in the case of Allred v. Dobbs, 280 Ala. 159, 190 So.2d 712 *stated*, "Where objected to question was not answered by witness, but subsequent materially different unobjected to question was answered, assignment of error on unanswered question was without merit." We cite also, State v. Hodge, 280 Ala. 422, 194 So.2d 827.

■ Assigned error 6 relates also to the overruling of an objection to a question propounded by plaintiffs. The argument in support of this assignment is based on the remoteness of the evidence to be shown by an answer. We do not think it necessary to set out the question as propounded. It is sufficient to state that the question of remoteness or relevancy of testimony is a matter ordinarily within the discretion of the trial court, and unless such discretion is grossly abused it will not be considered error on appeal.

■ The question of remoteness of evidence does not necessarily depend upon passage of a specific period of time. The real issue is that of probative value. This issue can best be determined by the trial court who has the best opportunity to view a particular bit of testimony in relation to the whole. Occidental Life Ins. Co. v. Nichols, 266 Ala. 521, 97 So.2d 879; Pitts v. State, 261 Ala. 314, 74 So.2d 232; Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396.

We hold assignments of error 4 and 6 are not well taken.

■ Assignment of error 7 refers to the admission into evidence, over objection, testimony as to the cost of repairing the damage to the building resulting from the improper moving. The testimony was that it would cost $2542 to repair it and place it in acceptable condition, not necessarily in the same condition as before it was moved. It was the objection of appellant that cost of repairs was not the proper measure of damages, and that evidence as to damages was limited to the difference between before and after reasonable market value, as in condemnation cases.

There was evidence from the plaintiffs as to before and after value.

We consider that the approach to proof of damages in this case is not the same as a condemnation case, where damages are confined to difference in reasonable market value before and after the taking. This is an action for breach of contract, or improper performance of a contract. Condemnation was not involved. In fact, condemnation of the real estate for the highway was avoided and made unnecessary, by the execution of a deed by appellees to Blount County. The contract sued on was a part of the consideration for the deed, and was incorporated in the deed.

The measure of damages here is the same as any contract action. The Supreme Court in the case of Kennedy v. Hudson, 224 Ala. 17, 138 So. 282 stated, "In this jurisdiction the damages for the breach of a contract should restore the injured party to the condition he would have occupied if the contract had been fully performed. (citations omitted) That is, for such loss as may be the natural and direct consequence of the breach of contract, full compensatory damages in contemplation of the parties are recoverable for the breach." (Citations omitted.)

The evidence as to cost of reasonable repairs necessary to correct damages due to improper moving of the house were admis-

**406**

sible for consideration of the jury in determining amount of plaintiffs' damages. The trial court committed no error in overruling appellant's objection, especially since no injury was shown as a result thereof. Rule 45, Revised Supreme Court Rules.

Assignment of error 8 charges error in trial court's refusal to grant appellant's motion to exclude entire testimony of witness. This was the witness who had testified as to cost of repairs. We have discussed the material part of this testimony in assignments 4 through 7. It is not necessary to discuss it any further. There was no error in refusal of the motion to exclude. Blount County v. McPherson, 268 Ala. 133, 105 So.2d 117.

Assignment of error 10 alleges error in the trial court's refusal to grant appellant's motion for a directed verdict. In his brief, appellant neglects to advise the court that this was an oral motion, and was made in the following form:

"MR. ROUNTREE: At this time we are going to move for a directed verdict."

It is elementary that a motion for an oral charge to the jury is improper and is not to be granted. Title 7, Section 273, 1940 Code of Alabama.

In this instance the charge requested, even had it been in writing, was not due to be given. It was not in proper form.

Assignments of error 5 and 9, not being argued in brief, are considered waived and are not considered. Rule 9, Revised Rules of the Supreme Court.

The trial court committed no error as charged and its judgment is due to be and hereby is

Affirmed.