328 So.2d 594

**McCURDY CONCRETE, INC., an Alabama Corporation.**

**v.**

**L. MILLER & SON, INC., an Alabama Corporation.**

**Civ. 616.**

Court of Civil Appeals of Alabama.

March 10, 1976.

Cloud, Berry, Ables, Blanton & Tatum and James T. Baxter, III, Huntsville, for appellant.

Clellon K. Baeder, Huntsville, for appellee.

WRIGHT, Presiding Judge.

Defendant appeals from a verdict and judgment in favor of plaintiff. We affirm.

Among other ventures, plaintiff is in the business of selling and distributing oxygen and other gases. The gas is contained in reusable cylinders, which are loaned to customers. Customers are allowed 30 days' use of the cylinders, after which time demurrage is charged for each day the cylinders are retained.

For a number of years defendant and a companion company, McCurdy Mortar Company, Inc., operated similar businesses out of the same location. McCurdy Mortar later changed its name to McCurdy Concrete Co. of Nashville, Inc. According to plaintiff's general manager and vice president, plaintiff sold gas in loaned cylinders to McCurdy Concrete and McCurdy Mortar, treating the organizations as one entity. Since 1968, McCurdy Concrete, Inc. had been billed monthly for rental of or demurrage on gas cylinders. Such bills were paid by check of either McCurdy Concrete, Inc. or McCurdy Mortar Company, Inc.

At some time prior to March 22, 1972, plaintiff's records showed that McCurdy Concrete, Inc. had 18 cylinders that had not been returned. When contacted, McCurdy returned two of them, but stated that it did

not have any more. On March 22, 1972, plaintiff billed McCurdy for the 16 cylinders at their then market cost of $989.77. The bill further stated that until the cylinders were returned or paid for, demurrage would continue to be assessed.

The cylinders were never returned, nor were they paid for. Plaintiff's complaint contained two counts based on an open account, two counts for accounts stated, and one count for conversion of the cylinders. At trial, plaintiff introduced invoices, ledger sheets and records on each cylinder, tending to show that the tanks had been delivered to a McCurdy company, and that they had neither been returned 'nor had demurrage been paid on them since March 22, 1972.

Defendant objected to the introduction of these exhibits, contending that portions of them were irrelevant. The objection was based on part of the invoices being directed to McCurdy Mortar, and part to defendant. At the close of evidence, defendant renewed this objection by moving to exclude the exhibits. The court asked defense counsel if he was aware of the nature of plaintiff's records and billing methods at pretrial. Counsel replied that he was and had intended all along to use the matter of billing and invoicing to another corporate entity as a defense. The court pointed out that an order for a pre-trial conference was issued, at which time the parties were told to be prepared to frame the issues and that defendant did not raise this aspect of its defense at pre-trial, but rather had stipulated that the business records of plaintiff were admissible, subject to objection as to relevancy. The court refused to exclude the evidence or to direct a verdict for defendant.

The parties have not argued on appeal the authority of the trial court to exclude the evidence because defendant did not raise at pre-trial the defense that another corporation owed the debt. The order for the pre-trial hearing directed the parties to come prepared to discuss the nature of the case, the theory of the parties, disputed facts and all points of law.

An examination of the exhibits objected to discloses that they contain billing invoices and delivery tickets duly signed for to both McCurdy Mortar Co., Inc. and McCurdy Concrete, Inc., during the period from 1968 to March, 1972. Exhibit 3 is the ledger sheets of McCurdy Concrete, Inc. during those same years. That exhibit appears to include all charges billed or invoiced to the two corporations through the instruments contained in Exhibit 1. It also contains all credits for payments made by both corporations during the same years. There is testimony by plaintiff that no matter how deliveries or purchases were billed and receipted, it had always dealt with the two corporations as one. There was further evidence that monthly billings had been paid by checks from McCurdy Mortar and McCurdy Concrete or even another McCurdy company, McCurdy Transport Co. Defendant's manager admitted payments on the one continuing account was made in such fashion. From the exhibits, the explanation by plaintiff and the testimony by defendant, the jury could reasonably infer that defendant McCurdy Concrete, Inc. was the real party to be charged.

It is our opinion that the exhibits were relevant in light of all the testimony. Evidence which tends to shed light on the main inquiry and does not inject foreign matter, may be admissible. *Cherry v. Hill,* 283 Ala. 74, 214 So.2d 427. The determination of relevancy is largely within the discretion of the trial court. *State Farm Mutual Automobile Ins. Co. v. Humphres,* 293 Ala. 413, 304 So.2d 573. We find no abuse of such discretion in this case. *Independent Life & Accident Ins. Co. v. Maxwell,* 53 Ala.App. 396, 301 So.2d 85.

Defendant's fourth and fifth issues on appeal arise from the following exchange during plaintiff's closing argument:

"Plaintiff's Counsel: McCurdy Company is. trying to get out of paying its bills with sneaky stuff.

"Defendant's Counsel: We object to "sneaky stuff" and move for a mistrial.

"The Court: Ladies and gentlemen, counsel can draw conclusions and inferences and argue those to you. But what he says to what the evidence is is merely his conclusions as to what the evidence shows.

"The Court: Well I think it's a fair inference from the evidence. Motion denied.

"Defendant's Counsel: We except the Court's stating that it is a fair inference from the evidence and again move for a mistrial.

"The Court: I did not mean to imply that counsel's inference was an accurate one but I merely ruled that he has the right to argue what he considers fair inference from the evidence. Motion denied."

Defendant argues that the statement by plaintiff's counsel was prejudicial and that a mistrial should have been granted. However, liberal rules are allowed counsel in drawing inferences from the evidence. *Mississippi Fire Ins. Co. v. Perdue,* 217 Ala. 292, 116 So. 142. The reference to "sneaky stuff" was an inference from the evidence, which the trial court could within the exercise of its discretion allow. *Southern Railway Co. v. Jarvis,* 266 Ala. 440, 97 So. 2d 549. Further, the court moved to negate any prejudicial effect of the statement by cautioning the jury that counsel's statement was merely his conclusion as to what the evidence was.

■ Defendant next objects to the court's statement, "Well I think it's a fair inference from the evidence. Motion Denied." Defendant argues this was prejudicial and grounds for mistrial. We do not agree. The court was merely stating its grounds for overruling the first motion

for mistrial. Further, the court clearly stated that its ruling was not meant to imply that counsel's remark was accurate.

■ Finally, defendant argues that the trial court erred in refusing to give the following written charge:

"I charge you that if you find the defendant converted the property of the plaintiff, then you. must assess damages as I define them for you for such conversion, but you may not return any damages for rent or demurrage, but rather the damage must be the value of the property at the time of the conversion, or at any time between that time and trial, with interest."

Defendant says it would be inconsistent to allow a recovery in conversion, which results in a forced sale of the property to defendant, while also allowing plaintiff to recover rental for detention of the property after the date of the forced sale. In *Smith v. Hooks,* 19 Ala. 101, a suit for conversion of a slave, the Supreme Court dealt with a similar situation. There a judgment for conversion fixing value at the date of conversion (a drowning), but allowing no damages for hire for the remaining period of the rental, was affirmed.

*Smith* would be persuasive in this case if the date of conversion were fixed as certainly as there. Here plaintiff made several inquiries of defendant concerning the cylinders. Demand for, possession or payment for the tanks was made by plaintiff on March 22, 1972. Defendant then returned and was given credit for two tanks. Plaintiff continued to bill defendant for demurrage until July, 1973. Under this state of the evidence, we are unable to say that the jury was required to find that the date of conversion was March 22, 1972. Indeed, the jury could have fixed the date of conversion at some later time and assessed damages for demurrage until then. A charge which is correct in the abstract, but ignores facts raised by the evidence, may be correctly refused. *Johnson v. Coker,* 281 Ala. 14, 198 So.2d 299. The charge in

question, while correct standing alone, was incorrect when considered in light of all the evidence in the case. It was properly refused.

Further, testimony indicated that damages for replacement cylinders and demurrage were $2,574.67. Under the court's oral charge, not objected to by defendant, the jury was free to assess damages for a reasonable attorney's fee up to $1,000.00. Taken together, these figures show that it was possible for the jury to reach its verdict without finding for plaintiff under the conversion count. The verdict of the jury was a general verdict and not addressed to any particular count of the complaint. There was sufficient evidence to support the verdict under any of the other counts. Therefore, there is no indication that the refusal of the requested charge addressed only to the conversion count was injurious to defendant. Under Rule 45, ARAP, the refusal of a requested charge under such circumstances is not reversible error. See also Ala.Dig. Appeal & Error ☞1068(4).

There being no error in the record, the case is due to be affirmed.

AFFIRMED.

BRADLEY and HOLMES, JJ., concur.