BLOODWORTH, Justice.
Plaintiff, Myrtis H. Cain, the testamentary guardian of minor, Monte Jon Bayless, appeals from a denial of a motion for new trial following a jury verdict for defendant, Bobby Bayless. We affirm.
Virginia H. Bayless, Monte Jon’s mother, died of cancer on August 31,1976. Prior to her death, she changed the beneficiary of her insurance on two occasions. Her husband, the defendant, was originally designated as beneficiary of the proceeds. On March 19, 1976, she executed her first change of beneficiary form, naming her son, Monte Jon, as beneficiary. On August 25,1976, six days before her death, Virginia Bayless again executed a change of beneficiary form, which re-named her husband as beneficiary.
Suit was filed by plaintiff against defendants Aetna Life Insurance Company and Bobby J. Bayless, alleging, inter alia, that the insured lacked “mental capacity” at the time she "executed the final change of beneficiary form on August 25, 1976. Before trial, defendant, Bobby Bayless, filed a motion in limine requesting that the introduction of any evidence regarding his alleged extramarital affairs be barred because such evidence was irrelevant to the question of his ex-wife’s mental capacity at the time she executed the final change of beneficiary form. The court granted this motion. The case was tried to a jury which returned a verdict for defendant, Bayless. When plaintiff’s new trial motion was denied, this appeal ensued.
On appeal, plaintiff contends the trial court erred in granting defendant’s motion in limine. We cannot agree.
It is true that, in general, courts are liberal with regard to the admission of evidence bearing on a person’s mental capacity at the time of the execution of a will. See Haghart v. Cooley, 278 Ala. 354, 178 So.2d 226 (1965); and, Price v. Marshall, 255 Ala. 447, 52 So.2d 149 (1951). However, in order to be admissible, the evidence must necessarily be relevant to that question.
“ . . . Though it is impossible to avoid the conclusion that, in a broad sense, every act of a person’s life is relevant to the issue of his mental capacity at any time of his life, it is also possible that evidence of the act of a party at a particular time may have but a glimmer of probative value on the issue of his mental capacity at another time, and yet be likely to stimulate excessive emotion or prejudice against him and thus to dominate the mind of the trier of fact and prevent a rational determination of the truth. In a situation of that sort, it would seem that evidence of the act ought to be excluded.”
McElroy, Relevancy of Evidence in Alabama Upon an Issue of a Person’s Mental Capacity, 4 Ala. Lawyer 384, 394.
The trial judge has a great deal of discretion on the issue of relevancy, and unless such discretion is grossly abused, it will not be considered to be error on appeal. Independent Life and Accident Insurance Co. v. Maxwell, 53 Ala. App. 396, 301 So.2d 85 (1974). Here, we cannot say the trial judge abused his discretion in this matter. Not only would any alleged adulterous acts by the defendant have little, if any, logical *324 relevance to the decedent’s mental capacity, but such testimony would certainly be highly prejudicial.
Plaintiff next contends the trial court erred in refusing to allow her to relate certain statements made by the decedent with regard to the relationship between the defendant and his son and in refusing to allow her to describe the relationship between the defendant and his son in March 1976. Again, we cannot agree. With regard to the trial court’s refusal to allow her to testify as to that relationship in March 1976, we think this was properly excluded. With regard to her testimony as to decedent’s statements regarding that relationship, we think this, too, was properly excluded.
“ * * * To be admissible, the statements or .declarations (of a testatrix) must not have been made at a period too remote from the time when the will was executed; they are admissible on the issue of testamentary capacity only where they are made so near to the execution of the will as to afford a reasonable inference of the condition of his mind at that time. Whether evidence of prior testamentary intentions is too remote to be admissible on the issue of testamentary capacity or undue influence depends on the circumstances of each case, and the determination of the trial judge is practically final.”
Burke v. Thomas, 282 Ala. 412, 211 So.2d 903 (1968).
Plaintiff next contends the trial court erred in sustaining an objection to a hypothetical question asked of an expert witness, a doctor, regarding the decedent’s mental condition approximately four weeks prior to death. We cannot agree.
The frame and substance of hypothetical questions to expert witnesses is left largely to the sound discretion of the trial court, and the ruling of the court on such matters will not be disturbed unless such discretion is abused. Barfield v. Wright, 286 Ala. 402, 240 So.2d 593 (Ala.1970). Particularly is this so, where, as here, the trial judge overruled defendant’s objections to a question asked of the same doctor and allowed testimony concerning the decedent’s mental capacity at the time she executed the second change of beneficiary form. We can find no abuse of discretion here.
Plaintiff next contends the trial court erred in sustaining objections to questions asked of plaintiff concerning the deceased’s mental condition from mid-August 1976, to August 21,1976. We cannot agree. The trial judge allowed plaintiff to testify as to decedent’s mental condition from August 21, 1976, until the date of her death. Therefore, the error, if any, was clearly harmless since, at most, evidence of five or six days was excluded, and even this is uncertain because “the middle of August” lacks specificity.
Plaintiff next contends the trial court erred in refusing to admit testimony by plaintiff as to whether the decedent was “oriented” in her conversations. Again, we cannot agree, because no predicate was laid for this question, specifying the time frame in question.
Plaintiff finally contends the trial court erred in refusing to admit into evidence the initial change of beneficiary forms of March 1976, in which her son was named as beneficiary. Again, we must disagree. It is true, as plaintiff has contended, that wide latitude is to be given when the question involved is mental capacity. In fact, a number of Alabama decisions have held a trial court committed reversible error by unduly restricting the scope of inquiry on that issue. Plaintiff cites Price v. Marshall, supra, wherein this Court wrote:
“ . . . whatever acts, conduct or declarations, either prior or subsequent to the execution of the several documents, which bear probatively on the chronic and progressive mental impairment of the testatrix should be allowed in evidence to aid the jury in reaching a correct conclusion.”
This ease differs, however, in that the testimony which is offered as to the decedent’s *325 actions in March 1976, would go to establish her mental “capacity” at that time. There is no disagreement about her mental “capacity” in March 1976. It is her mental “incapacity” on August 25,1976, which is at issue. Therefore, such evidence does not “bear probatively on the chronic and progressive mental impairment of the testatrix and we do not think the trial court abused its discretion in refusing to admit such testimony.
The case was tried to a jury. The evidence was conflicting. The jury decided the issues in favor of defendant. Plaintiff’s motion for new trial was overruled by the trial judge. We are not disposed to reverse the judgment, on verdict for the defendant, for the reasons we have given.
Affirmed.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.